IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Raquel Margarita Cocom, | Misc. No. 1:18-mc-00159 |
| Petitioner, | CASE IN OTHER COURT: |
| v. | *Raquel Margarita Cocom v. Andrey Timofeev and Irina Timofeev,* No. 2:18-cv-02247-DCN (D.S.C.) |
| Department of Homeland Security, | |
| Respondent. | |

**PETITIONER'S MEMO IN SUPPORT OF HER
EXPEDITED MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

Petitioner Raquel Margarita Cocom is an indigent Belizean citizen whose two-year-old child has been abducted to the United States in violation of the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001–9011. After filing her petition seeking her child's return to Belize in the United States District Court for the District of South Carolina, her counsel issued a subpoena *duces tecum* to the Department of Homeland Security ("DHS") seeking certain immigration records regarding her child and the other parties in advance of trial scheduled for November 8, 2018.

Though the Subpoena is procedurally proper, complies with DHS's *Touhy* regulations under 6 C.F.R. § 5.41–49, and is supported by releases signed by all relevant parties, DHS has failed to respond to the Subpoena or contact Petitioner's counsel in the twenty-eight days since it was issued, all despite Petitioner's counsel contacting DHS three separate times after the serving of the Subpoena in an attempt to get DHS to respond.

Because trial in this expedited proceeding is quickly approaching, Petitioner is left with no other option than to seek court intervention to ensure compliance. Therefore, Petitioner has moved

the Court under Fed. R. Civ. P. 45 to issue an order compelling DHS to comply with a subpoena on an expedited basis and submits this memorandum in support of her entitlement to that relief.

Petitioner requests that the Court enter an Order compelling DHS to produce the discovery requested in the Subpoena as soon as possible, but in any event, no later than November 1, 2018. At a minimum, Petitioner requests that the Court order DHS to respond in writing to this pending motion as soon as possible, but in any event, no later than November 1, 2018, because of the exigencies caused by the Convention and ICARA's mandate that international child abduction actions be litigated as expediently as possible.

## **BACKGROUND**

### A.    **Underlying Litigation**

In July 2017, Andrey Timofeev a/k/a Andre Timofeeva ("Timofeev"), a Russian national living in Belize, requested permission from Petitioner to travel to the United States for two weeks with their two-year-old child, V.A.T (the "Child"). Timofeev told Petitioner that he did not intend to permanently relocate the Child to the United States. Had he done so, Petitioner never would have agreed to allow Timofeev to travel with the Child. Timofeev left Belize with the Child in November 2017, and has not returned despite his prior agreement to do so, and despite Petitioner's repeated requests for the Child to return home. Petitioner is now convinced that the trip was planned by Timofeev and the Child's paternal grandmother, Irina Timofeev a/k/a Irina Timofeeva ("Grandmother") as a means of abducting the Child.

Petitioner filed the underlying action under the Convention and the ICARA seeking her Child's return to Belize on August 14, 2018.[1] The District of South Carolina expedited the matter

---

[1] Petitioner is proceeding in the District of South Carolina *in forma pauperis* through *pro bono* counsel.

as required by the Convention and ICARA, setting trial for November 8-9, 2018. (Consent Scheduling Order, No. 2:18-cv-2247-DCN, Sept. 10, 2018, ECF No. 27.) By separate order, the District of South Carolina authorized Petitioner to serve third-parties with subpoenas, specifically certifying that information related to the parties' immigration status and visas would be necessary to determine issues related to the claims and defenses. (Order, No. 2:18-cv-2247-DCN, Sept. 10, 2018, ECF No. 26.)

**B.     The Subpoena to DHS**

On October 1, 2018, Petitioner mailed the Subpoena to DHS, serving it on October 2, 2018, by FedEx Overnight, signature required. (*See* Subpoena Package, **Exhibit 1**.) Included with the subpoena package is a cover letter addressed to DHS's Office of General Counsel. As required by DHS's regulations passed under *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the letter with the subpoena explained the nature of the subpoena and the reasons the documents sought by the subpoena would be needed in the underlying action.

The subpoena seeks four categories of documents, all related to the immigration status of the parties to the underlying action.  First, the Subpoena seeks documents related to the immigration statutes of Timofeev, Grandmother, and Child.  Next, the Subpoena seeks documents related to whether Timofeev, Grandmother, or Child have overstayed their visas.  The Subpoena also seeks records regarding Timofeev, Grandmother, and Child's entry into the United States. Finally, the Subpoena requests documents related to Timofeev, Grandmother, and Child's applications for asylum, work permission, and/or residency.  Because the proceedings had been expedited under the Convention and ICARA, the subpoena required compliance at the undersigned's Washington, D.C. office by October 16, 2018.

The Subpoena included a copy of Rule 45(d) of the Federal Rules of Civil Procedure, which permits written objections on the condition that the "objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." DHS did not provide any written objections before 14 days after the Subpoena was served. In fact, to date, DHS has not provide any objections whatsoever, written or verbal.

### C.    Follow-up Correspondence Regarding the Subpoena

Since the issuance of the subpoena, Petitioner has corresponded with DHS three separate times regarding the Subpoena. On October 11, 2018, Petitioner mailed a letter to DHS enclosing a release signed by Timofeev authorizing DHS to release certain protected documents to Petitioner and reminding DHS of the October 16, 2018 deadline under the Subpoena. (*See* Abee Ltr. To DHS, **Exhibit 2**.) After the passage of the response deadline, Petitioner's counsel called the Office of General Counsel for DHS to leave a voicemail regarding the subpoena and again sent a letter to DHS—this time by regular mail and email. (*See* Abee Ltr. to DHS, Oct. 17, 2018, **Exhibit 3**.) The letter notes that DHS had missed the October 16, 2018 subpoena-response deadline and asks for DHS to contact undersigned counsel to avoid the need for court intervention to enforce the subpoena. (*Id*.) Despite not getting any response, Petitioner again contacted DHS by mail, email, and phone on October 24, 2018. (*See* Abee Ltr. to DHS, Oct. 24, 2018, **Exhibit 4**.) To date, Petitioner has not received a response.

### ARGUMENT

Petitioner properly served a valid and enforceable subpoena on DHS on October 2, 2018. DHS has not responded to assert any procedural or substantive objections. Regardless of DHS's failure to respond though, no privilege or other protection exhibits to excuse DHS from responding to the Subpoena. Thus, the Court should compel DHS to respond to the subpoena.

## I.     The Subpoena is procedurally proper.

### A.     The Subpoena complies with Rule 45.

Under Rule 45, the Subpoena states the court from which it was issued, the title of the action and its civil-action number, commands DHS to produce designated documents, and sets out the text of Rule 45. Fed. R. Civ. P. 45(a)(1)(A).  Additionally, in accordance with Rule 45(c), the Subpoena requires compliance at 101 Constitution Avenue, NW, Suite 900, Washington, D.C. 20001, which is within 100 miles of DHS's location and also within this District.  The Subpoena also sufficiently describes the requested documents, as DHS should have no difficulty in understanding what is requested.  *See United States v. American Tel. & Tel. Co.*, 461 F. Supp. 1314, 1340 (D.D.C. 1978).  Finally, as evidenced by the proof of service included in the subpoena package, the Subpoena was properly served under Rule 45(b).

While the subpoena may have set only a fourteen-day response deadline, a quick response to the narrow subpoena is necessary given the underlying litigation.  The Convention directs in two separate provisions that "[t]he judicial . . . authorities of Contracting States shall act expeditiously in proceedings for the return of children" and should use "the most expeditious procedures available."  Convention, art. 11, art. 2.  ICARA also directs courts to act promptly in adjudicating petitions under the Convention.  *See* 22 U.S.C. § 9001(a)(4).  Thus, under the mandates of the Convention and ICARA, expedited litigation procedures—including expediting subpoena-response deadlines—are the rule, not the exception.[2]  But in any event, the twenty-eight

---

[2] For this same reason, Petitioner has asked that the Court expedite consideration of this motion and to require DHS to file a response—or even contact counsel for the first time regarding the Subpoena—by Wednesday, October 31, 2018, in a motion to expedite filed contemporaneously with this motion.

days from the issuance of the Subpoena until the filing of this motion is more than enough time for DHS to respond to the subpoena, at all, especially given the narrow nature of the Subpoena.

Also, compliance of the subpoena was required in this district, so enforcement by this Court is proper. *See* Fed. R. Civ. P. 45(d)(2)(B)(i) (permitting "the serving party may move the court for the district where compliance is required for an order compelling production or inspection.").

Therefore, the subpoena is procedurally proper, allowing the Court to enforce it here. It should do so on an expedited basis.

**II.     The documents sought is relevant to the claims and defenses in the underlying international child abduction and no privilege or statutory protection applies to the documents sought.**

**A.     Immigration status is relevant for the Court to determine the Child's habitual residence and to evaluate whether Petitioner consented to the abduction.**

In ruling on a motion to compel, a court must consider whether the discovery requested is relevant. *In re Denture Cream Products Liability Litigation*, 292 F.R.D. 120, 123 (D.D.C. 2013). Courts follow "the same scope as provided in Rule 26(b), thus promoting uniformity," to determine whether discovery sought from a third-party is relevant. Advisory Committee Note to 1946 Amendment to Rule 45(b). Under Rule 26(b), relevance is liberally construed, and "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Thus, "with respect to a Rule 45 subpoena a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party" *In re Denture Cream*, 292 F.R.D. at 123.

Here, the discovery requested from DHS is relevant to the underlying litigation. The requested records regarding lawful entry or presence in the United States are necessary for the District of South Carolina to evaluate the *prima facie* case under the Convention and ICARA. As the Fourth Circuit has explained, courts determining whether the *prima facie* case has been met

generally must look to "all available evidence," which can include "the citizenship status of the parents and children[.]" *See Maxwell v. Maxwell*, 588 F.3d 245, 252 (4th Cir. 2009). While the Court in *Maxwell* uses the term "citizenship status," a closer look at the Fourth Circuit's use of the evidence in *Maxwell* confirms that the term is not limited only to the nationality or citizenship of the parties, but is more akin to the "immigration status" of the underlying parties. For example, the Fourth Circuit in *Maxwell* used "citizenship status" in a broad sense to include the existence or absence of a visa and the type of visa held by the parents and the abducted child. *Id.* at 252 n.13. The Fourth Circuit gives as examples two cases which analyzed whether the abducting parent had obtained a permanent or temporary visas for entry into the United States. Similar to the present case, the District of South Carolina will be tasked with reviewing the "citizenship status" of the parties and the abducted child, which would include whether Timofeev and the child have visas, the type of those visas, the length of their validity, and how the two entered the country.

The immigration-related records will also assist the District of South Carolina in evaluating whether return of the minor child to Belize is excused under the Convention's consent and acquiescence affirmative defense. Under that affirmative defense, the court must determine whether the left-behind parent consented prior to the removal of the child, or subsequently acquiesced in the child remaining in the foreign country. Courts analyzing the defense must focus on the petitioner's subjective intent and post-abduction conduct evidencing that intent. *Padilla v. Troxell*, 850 F.3d 168, 177 (4th Cir. 2017). In *Padilla*, the Fourth Circuit analyzed how the child entered the United States as a part of its determination of the scope of the left-behind parent's consent. *Id.* Here, the District of South Carolina has been asked to determine whether the left-behind parent, Petitioner, consented to the abducting parent, Timofeev, removing the child to the United States because Timofeev has raised the consent and acquiescence affirmative defense. As

a part of its determination, the District of South Carolina will need to analyze how Timofeev or Grandmother applied for Timofeev and the Child's visa to enter the United States, whether Petitioner consented to the issuance of the visa, and the extent to which the visa permitted Timofeev and the child to remain in the country for an extended period of time.

The immigration-related records will finally assist the District of South Carolina in evaluating whether it should exercise its discretion to order the return of the abducted child notwithstanding the existence of an affirmative defense. *Alcala v. Hernandez*, 826 F.3d 161, 175 (2016) (explaining that courts retain equitable discretion to order return under the Hague Convention event where an affirmative defense has been proven); *see also Lozano v. Alvarez*, 572 U.S. at --, 134 S. Ct. 1224, 1236-40 (Alito, J., concurring).   The State Department's official interpretation of the Hague Convention underscores the court's interpretation of this discretionary authority.   *See* Hague Int'l Child Abduction Convention; Text and Legal Analysis (State Legal Analysis), 51 Fed. Reg. 10494, 10509 (1986) ("The courts retain the discretion to order the child returned even if they consider that one or more of the exceptions applies.").   Petitioner intends to offer evidence related to the issuance of the visas and Timofeev's entry into the United States with the Child as support for the District of South Carolina exercising its discretion and ordering return.

Accordingly, the documents sought are relevant to both the claims and defenses of the underlying litigation.   Furthermore, the prompt production of the requested documents is critical, as the underlying litigation is scheduled for a date certain trial on Thursday, November 8, 2018.

**B.**     **The materials sought are not protected by deliberative process privilege nor the confidentiality provisions of the Immigration Nationality Act.**

DHS has not even attempted to show that production of the documents requested would be unduly burdensome or that the information is privileged.   Instead, DHS has simply chosen not to respond to the Subpoena, leaving Petitioner no choice but to file this motion.   Despite DHS's

failure to respond, the Court must still determine whether a privilege or other protection applies to the documents: "In considering a motion to compel the production of discovery, Rule 45 requires that district courts quash subpoenas that call for privileged matter or would cause an undue burden." *In re Denture Cream Products Liability Litigation*, 292 F.R.D. at 123.

Under the Immigration Nationality Act, "records . . . pertaining to the issuance or refusal of visas or permits to enter the United States shall be considered confidential and shall be used only for the formulation, amendment, administration, or enforcement of the immigration, nationality, and other laws of the United States. 8 U.S.C. § 1202(f). However, there is an important exception allowing "copies of such records [to] be made available to a court which certifies that the information contained in such records is needed by the court in the interest of the ends of justice in a case pending before the court." 8 U.S.C. § 1202(f)(1).

Here, the information requested by the Subpoena is needed "in the interest of the ends of justice" in the underlying litigation. As previously mentioned, immigration status is a factor that can be considered by the court regarding establishment of the Child's habitual residence, *see Maxwell v. Maxwell*, 588 F.3d 245, 252 (4th Cir. 2009), and can also be used to under certain affirmative defenses under the Hague Convention, *see, e.g. Lozano v. Alvarez*, 697 F.3d 41, 57 n.16 (2d Cir. 2012) (considering immigration status under settled defense), *aff'd on other grounds*, 572 U.S. --, 134 S. Ct. 1224 (2014). Importantly, the Subpoena only seeks immigration-related documents, not the reasoning or information behind DHS's thought processes. *See Medina-Hincapie v. Dep't of State*, 700 F.2d 737, 744 (D.C. Cir. 1983) (indicating a desire to keep the decision-making process confidential). Finally, the District Court for the District of South Carolina authorized the Subpoena pursuant to 8 U.S.C. § 1202(f)(1), and specifically noted that the information will help "determine the merits of [Petitioner's] international child abduction claim

and defenses that may be raised by [Timofeev] under the Hague Convention." (Order, No. 2:18-cv-2247-DCN, Sept. 10, 2018, ECF No. 26.) Even Timofeev, one of the subjects of the subpoena, joined in the motion requesting the District of South Carolina to make such a certification under the Immigration Nationality Act. (*Id.*) Since then, both parties—Timofeev and Grandmother—have signed releases authorizing DHS to provide the requested documentation involving their immigration and related statuses, yet DHS has failed to respond.

## CONCLUSION

Because the requested discovery is relevant to the underlying litigation and DHS has failed to make a showing of undue burden or privilege, Petitioner respectfully requests an Order compelling DHS to produce the discovery requested in the Subpoena. Petitioner requests that the discovery be produced as soon as possible, but in any event, no later than November 1, 2018. At a minimum, Petitioner requests that the Court order DHS to respond in writing to this pending motion as soon as possible, but in any event, no later than November 1, 2018, because of the exigencies caused by the Convention and ICARA's mandate that international child abduction actions be litigated as expediently as possible.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ Thomas William McGee, III*
    Thomas William McGee, III
    Federal Bar No. 1022382
    E-Mail: billy.mcgee@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC 29201
    (803) 799-2000

*Attorneys for Raquel Margarita Cocom*

Columbia, South Carolina
October 30, 2018

# EXHIBIT 1

 **NELSON MULLINS**

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

Matthew A. Abee
Admitted in SC and NC
T 803.255.9335
matt.abee@nelsonmullins.com

1320 Main Street | 17th Floor
Columbia, SC 29201
T 803.799.2000  F 803.256.7500
nelsonmullins.com

October 1, 2018

<u>**Via USPS and Federal Express, Signature Required**</u>

United States Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC  20528-0485
Attn: General Counsel

RE:     <u>Subpoena for the Production of Documents</u>
         Raquel Margarita Cocom v. Andrey Timofeev and Irina Timofeev
         Federal C/A No.: 2:18-cv-02247
         Our File No.: 033999.01914

To whom it may concern:

Our firm represents Petitioner Raquel Margarita Cocom in the above-referenced expedited proceeding under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act, 22 U.S.C §§ 9001–11 ("ICARA").  Enclosed please find a copy of a subpoena for records regarding other parties to that action, Andrey Timofeev a/k/a Andre Timofeeva, DOB: ▇▇▇▇▇▇ and Irina Timofeev a/k/a Irina Timofeeva, DOB: unknown, as well as the minor child that is the subject of this action, ▇▇▇ V.A.T. ▇▇▇ DOB: ▇▇▇▇▇▇▇ This subpoena has been issued by the United States District Court for the District of South Carolina in this Hague Convention action, which is currently scheduled for trial on November 7, 2018, in the Federal District Court for the District of South Carolina, Charleston Division.

In making this expedited request, Petitioner has followed the Department of Homeland Security's *Touhy* regulations found in 6 C.F.R. §§ 5.41–5.49.  As required by those regulations, 6 CFR § 5.45(a), Petitioner explains that the nature and relevance of the official information sought is to aid the Court in making necessary determinations under the Hague Convention and its implementing legislation, ICARA.  This information is needed to aid my client in her attempts to obtain her child's return to Belize.  The information will also assist the Court in making necessary determinations under the Hague Convention and ICARA.  Specifically, the information sought will assist the Court in determining (1) the motivations for the international abduction of the child, and the motivations for the wrongful retention of the child in the United States by the child's father,

Andrey Timofeev, and her grandmother, Irina Timofeev; (2) whether the wrongful retention is in violation of my client's rights of custody under Belizean law; (3) whether the Child may be in danger because of the wrongful retention; and (4) whether the Child should be returned to her mother (and my client) under the Hague Convention and ICARA.

United States Courts of Appeals around the country routinely consider the immigration status of an abducting parent in actions under Hague Convention. *See, e.g.*, *Maxwell v. Maxwell*, 588 F.3d 245, 252 (4th Cir. 2009); *Lozano*, 697 F.3d at 57 n.16, *aff'd on other grounds sub nom.*, 572 U.S. --, 134 S. Ct. 1224 (2014); *In re B. del C. S. B.*, 559 F.3d 999, 1001-02 (9th Cir. 2009); *Hernández v. Pena*, 820 F.3d 782 (5th Cir. 2016); *Alcalá v. Hernández*, 826 F.3d 161, 173 (4th Cir. 2016).

Despite its relevancy, Petitioner understands that the other provisions of Federal law may prohibit the production of the information sought; however, no such prohibitions apply here. For example, the confidentiality requirements of the § 222(f) of the Immigration and Nationality Act, 8 U.S.C. § 1202(f), are inapplicable because the information sought will be used for the administration or enforcement of the Hague Convention and its implementing legislation, ICARA. Specifically, the requested information will assist the Federal District Court for the District of South Carolina to determine whether to return the abducted child to her country of habitual residence in conformity with Hague Convention Article 3, even over the abducting parent's objection under Article 12. The District Court has already noted in its order (enclosed) that such information will aid it in resolving the issues presented by this case.

Because of the urgency of this federal litigation, I would ask that you please respond as soon as possible, but no later than **October 16, 2018**. I am available to discuss the enclosed subpoena as your schedule permits.

Respectfully,

Matthew A. Abee

MAA:khl
Enclosures
Cc:   Jon Mersereau, Esquire (Via USPS and email)
      Brian G. Burke, Esquire (Via USPS and email)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of South Carolina

| | | |
|---|---|---|
| Raquel Margarita Cocom | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:18-cv-02247 |
| | ) | |
| Andrey Timofeev and Irina Timofeev | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          The U.S. Department of Homeland Security, General Counsel
             245 Murray Lane, SW, Mail Stop 0485, Washington, D.C. 20528-0485

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A

| Place: Attn: Matthew Abee, Esq. Nelson Mullins Riley & Scarborough, LLP, 101 Constitution Avenue, NW, Suite 900, Washington, DC  20001 | Date and Time: 10/16/2018 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/01/2018

CLERK OF COURT

                                          OR     /s/ Matthew A. Abee
_____                _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Raquel Margarita Cocom _____ , who issues or requests this subpoena, are:
Matthew A. Abee, 1320 Main Street, 17th Floor, Columbia, SC 29201; 803-255-9335; matt.abee@nelsonmullins.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:18-cv-02247

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  U.S. Department of Homeland Security

on *(date)*      10/01/2018      .

☑ I served the subpoena by delivering a copy to the named person as follows:   USPS and FedEx overnight to

The U.S. Department of Homeland Security, General Counsel, 245 Murray Lane, SW, Mail Stop 0485,

Washington, D.C. 20528-0485                                    on *(date)*                         ; or

☐ I returned the subpoena unexecuted because:

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$            0.00            .

My fees are $         0.00         for travel and $        0.00        for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date:      10/01/2018                  _____

                                                                *Server's signature*

                                                   Kim Smith, Administrative Assistant
                                                            *Printed name and title*

                                            Nelson Mullins Riley & Scarborough LLP
                                                        1320 Main Street, 17th Floor
                                                          Columbia, SC  29201
                                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  (2) *For Other Discovery.* A subpoena may command:
    (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  (2) *Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  (3) *Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  (2) *Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

to Subpoena for the Production of Documents to
**U.S. State Department, Department of Homeland Security, U.S. Customs and Immigration Services**
*Raquel Margarita Cocom v. Andrey Timofeev and Irina Timofeev*
Federal C/A No.: 2:18-cv-02247
Our File No.: 033999.01914

1) Any and all documentation establishing that Andrey Timofeev a/k/a Andre Timofeeva (Russian Passport No. ███████; DOB: ████████████), and Irina Timofeev a/k/a Irina Timofeeva, DOB: ██████████, as well as the minor child that is the subject of this action, ███████ V.A.T. ████████ (Belize Passport No. ████████; DOB: ██████████████ currently residing in Marion, South Carolina, and/or Georgetown, South Carolina, are legal immigrants to the United States and/or lawful permanent residents. In the absence of any records establishing the legal immigration status, please confirm their lack of status by declaration of the absence of any records.

2) Any and all documentation establishing that Andrey Timofeev a/k/a Andre Timofeeva (Russian Passport No. ████████ DOB: ████████████████), and Irina Timofeev a/k/a Irina Timofeeva, DOB: ████████, as well as the minor child that is the subject of this action, ███████ V.A.T. ████████ (Belize Passport No. ████████; DOB: ██████████████, currently residing in Marion, South Carolina, and/or Georgetown, South Carolina, have not overstayed any visa. In the absence of any records establishing the requested information, please confirm the lack of status by declaration of the absence of any records.

3) Any and all documentation evidencing entry into and exit from the United States from September 1, 1998 to present by Andrey Timofeev a/k/a Andre Timofeeva (Russian Passport No. ███████; DOB: ██████████████), and Irina Timofeev a/k/a Irina Timofeeva, DOB: ██████████, as well as the minor child that is the subject of this action, ███████ V.A.T. ████████ (Belize Passport No. ████████; DOB: █████████████), currently residing in Marion, South Carolina, and/or Georgetown, South Carolina.

4) Any and all documentation evidencing an application for asylum, work permission, or residency in the United States filed by Andrey Timofeev a/k/a Andre Timofeeva (Russian Passport No. ████████; DOB: ██████████████), and Irina Timofeev a/k/a Irina Timofeeva, DOB: ██████████, as well as the minor child that is the subject of this action, ███████ V.A.T. ████████ (Belize Passport No. ████████; DOB: █████████████, currently residing in Marion, South Carolina, and/or Georgetown, South Carolina. In the absence of any records establishing the requested information, please confirm the absence of such an application by declaration of the absence of any records.

2:18-cv-02247-DCN   Date Filed 09/10/18   Entry Number 26   Page 1 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESON DIVISION

| | |
|---|---|
| Raquel Margarita Cocom, | Civil Action No.  2:18-cv-02247-DCN |
| Petitioner, | |
| vs. | ORDER |
| Andrey Timofeev and Irina Timofeev, | |
| Respondents. | |

This matter is before the court on the Joint Motion for Leave to Serve Subpoenas for the Production of Documents on Non-Parties filed by Petitioner Raquel Margarita Cocom ("Mother") and Respondent Andrey Timofeev ("Father").  Father and Mother seek records regarding the parties and the Child's immigration status, the issuance of immigrant visas for the parties and the Child, and other information regarding the claims in this matter from the U.S. Department of State and U.S. Immigration and Customs Enforcement, an agency of the Department of Homeland Security, and other third-parties prior to the merits hearing in this matter.  The parties do not ask the Court to resolve any objections to the subpoenas preemptively, but just for leave to serve the subpoenas.  The Court **GRANTS** the motion under Fed. R. Civ. P. 26 and 45.

The Court certifies that the information regarding immigration status that the parties seek in this Hague Convention action is needed by the Court in the interest of the ends of justice in this pending case.  *See* 8 U.S.C. § 1202(f)(1).  The information sought will help the Court determine the merits of Mother's international child abduction claim and defenses that may be raised by Father under the Hague Convention.

IT IS SO ORDERED.

David C. Norton
United States District Judge

September 10, 2018
Charleston, South Carolina

# EXHIBIT 2

 **NELSON MULLINS**

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

Matthew A. Abee
Admitted In SC and NC
T 803.255.9335
matt.abee@nelsonmullins.com

1320 Main Street | 17th Floor
Columbia, SC 29201
T 803.799.2000  F 803.256.7500
nelsonmullins.com

October 11, 2018

**Via USPS**

United States Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC  20528-0485
Attn: General Counsel

RE:     Subpoena for the Production of Documents
         Raquel Margarita Cocom v. Andrey Timofeev and Irina Timofeev
         Federal C/A No.: 2:18-cv-02247
         Our File No.: 033999.01914

To whom it may concern:

On October 1, 2018, our firm served the Department of Homeland Security with a subpoena for the production of documents in the above referenced case, which I have included for your reference. Since that time, I have received a Certification of Identity from one of the subjects of the subpoena, Andrei Timofeev. I am enclosing a copy of that form for your records in the hopes that Mr. Timofeev's authorization to release the requested information to our firm can accelerate the Department's response to the subpoena, which is due October 16, 2018. I am available to discuss the enclosed subpoena or the Certification of Identity as your schedule permits.

Respectfully,

Matthew A. Abee

Enclosures

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | MARYLAND | MASSACHUSETTS | NEW YORK
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE | WEST VIRGINIA

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of South Carolina

| | | |
|---|---|---|
| Raquel Margarita Cocom | ) | |
| *Plaintiff* | ) | Civil Action No.  2:18-cv-02247 |
| v. | ) | |
| Andrey Timofeev and Irina Timofeev | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        The U.S. Department of Homeland Security, General Counsel
           245 Murray Lane, SW, Mail Stop 0485, Washington, D.C. 20528-0485

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A

| Place: Attn: Matthew Abee, Esq. Nelson Mullins Riley & Scarborough, LLP, 101 Constitution Avenue, NW, Suite 900, Washington, DC  20001 | Date and Time: <br> 10/16/2018 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/01/2018

|      *CLERK OF COURT* | | |
|---|---|---|
| | OR | *[signature]* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Raquel Margarita Cocom                                                                      , who issues or requests this subpoena, are:
Matthew A. Abee, 1320 Main Street, 17th Floor, Columbia, SC 29201; 803-255-9335; matt.abee@nelsonmullins.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:18-cv-02247

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   U.S. Department of Homeland Security

on *(date)*      10/01/2018      .

☑ I served the subpoena by delivering a copy to the named person as follows:     USPS and FedEx overnight to

The U.S. Department of Homeland Security, General Counsel, 245 Murray Lane, SW, Mail Stop 0485,

Washington, D.C. 20528-0485                              on *(date)*                          ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$           0.00            .

My fees are $          0.00        for travel and $        0.00        for services, for a total of $          0.00        .

I declare under penalty of perjury that this information is true.

Date:      10/01/2018                           _____
                                                          *Server's signature*

                                                   Kim Smith, Administrative Assistant
                                                   _____
                                                          *Printed name and title*

                                                   Nelson Mullins Riley & Scarborough LLP
                                                          1320 Main Street, 17th Floor
                                                            Columbia, SC  29201
                                                   _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

to Subpoena for the Production of Documents to
**U.S. State Department, Department of Homeland Security, U.S. Customs and Immigration Services**
*Raquel Margarita Cocom v. Andrey Timofeev and Irina Timofeev*
Federal C/A No.: 2:18-cv-02247
Our File No.: 033999.01914

1) Any and all documentation establishing that Andrey Timofeev a/k/a Andre Timofeeva (Russian Passport No. ▮; DOB: ▮), and Irina Timofeev a/k/a Irina Timofeeva, DOB: ▮, as well as the minor child that is the subject of this action, ▮ V.A.T. ▮ (Belize Passport No. ▮; DOB: ▮), currently residing in Marion, South Carolina, and/or Georgetown, South Carolina, are legal immigrants to the United States and/or lawful permanent residents. In the absence of any records establishing the legal immigration status, please confirm their lack of status by declaration of the absence of any records.

2) Any and all documentation establishing that Andrey Timofeev a/k/a Andre Timofeeva (Russian Passport No. ▮; DOB: ▮), and Irina Timofeev a/k/a Irina Timofeeva, DOB: ▮ as well as the minor child that is the subject of this action, ▮ V.A.T. ▮ (Belize Passport No. ▮), currently residing in Marion, South Carolina, and/or Georgetown, South Carolina, have not overstayed any visa. In the absence of any records establishing the requested information, please confirm the lack of status by declaration of the absence of any records.

3) Any and all documentation evidencing entry into and exit from the United States from September 1, 1998 to present by Andrey Timofeev a/k/a Andre Timofeeva (Russian Passport No. ▮; DOB: ▮), and Irina Timofeev a/k/a Irina Timofeeva, DOB: ▮, as well as the minor child that is the subject of this action, ▮ V.A.T. ▮ (Belize Passport No ▮; DOB: ▮), currently residing in Marion, South Carolina, and/or Georgetown, South Carolina.

4) Any and all documentation evidencing an application for asylum, work permission, or residency in the United States filed by Andrey Timofeev a/k/a Andre Timofeeva (Russian Passport No. ▮; DOB: ▮), and Irina Timofeev a/k/a Irina Timofeeva, DOB: ▮, as well as the minor child that is the subject of this action, ▮ V.A.T. ▮ (Belize Passport No ▮; DOB: ▮), currently residing in Marion, South Carolina, and/or Georgetown, South Carolina. In the absence of any records establishing the requested information, please confirm the absence of such an application by declaration of the absence of any records.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESON DIVISION

| | |
|---|---|
| Raquel Margarita Cocom, | Civil Action No.  2:18-cv-02247-DCN |
| Petitioner, | |
| vs. | ORDER |
| Andrey Timofeev and Irina Timofeev, | |
| Respondents. | |

This matter is before the court on the Joint Motion for Leave to Serve Subpoenas for the Production of Documents on Non-Parties filed by Petitioner Raquel Margarita Cocom ("Mother") and Respondent Andrey Timofeev ("Father").   Father and Mother seek records regarding the parties and the Child's immigration status, the issuance of immigrant visas for the parties and the Child, and other information regarding the claims in this matter from the U.S. Department of State and U.S. Immigration and Customs Enforcement, an agency of the Department of Homeland Security, and other third-parties prior to the merits hearing in this matter.  The parties do not ask the Court to resolve any objections to the subpoenas preemptively, but just for leave to serve the subpoenas. The Court **GRANTS** the motion under Fed. R. Civ. P. 26 and 45.

The Court certifies that the information regarding immigration status that the parties seek in this Hague Convention action is needed by the Court in the interest of the ends of justice in this pending case. *See* 8 U.S.C. § 1202(f)(1).  The information sought will help the Court determine the merits of Mother's international child abduction claim and defenses that may be raised by Father under the Hague Convention.

**IT IS SO ORDERED.**

David C. Norton
United States District Judge

September 10, 2018
Charleston, South Carolina

## Certification of Identity

**Privacy Act Statement.** In accordance with 6 CFR § 5.21, personal data sufficient to identify individuals submitting requests for records under the Privacy Act of 1974, 5 U.S.C. § 552a, is required. The purpose of this solicitation is to ensure that the Office of Inspector General for the Department of Homeland Security does not wrongfully disclose records of individuals who are the subject of Department's systems of records. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. § 1001 and/or 5 U.S.C. § 552a(i)(3).

**Full Name of Requester** [1]   Andrei Timofeev

**Citizenship Status** [2]   legal resident

**Social Security Number** [3] **(Optional)**   ▮▮▮▮▮▮

**Current Address**   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Date of Birth**   ▮▮▮▮▮▮     **Place of Birth**   USSR

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. § 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. § 552a(i)(3) by a fine of not more than $5,000. **All signatures under the certification of perjury statement MUST be an original signature, as the DHS/OIG will not accept faxed signatures. The signature must also be legible.**

**Requester's Signature** [4]   _(signature)_   DATE   10/4/18

## OPTIONAL:  Authorization to Release Information to Another Person
(This form is to be completed by a requester who is authorizing release of information relating to himself or herself to another person or entity.)

**Pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Homeland Security, Office of Inspector General, to release any and all information relating to me to:**

**Name of Recipient (Print or Type name):**   Nelson Mullins Riley & Scarborough LLP & Matthew A. Abee, Esquire

**Address of Recipient:**   1320 Main Street, 17th Floor, Columbia, SC 29201
<small>Please Print or Type Address</small>

**Requester's Signature**   _(signature)_   DATE   10/4/18

---

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. § 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. § 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Office of Inspector General (OIG) may not be able to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

# EXHIBIT 3



# NELSON MULLINS

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

Matthew A. Abee
Admitted in SC and NC
T 803.255.9335
matt.abee@nelsonmullins.com

1320 Main Street | 17th Floor
Columbia, SC 29201
T 803.799.2000  F 803.256.7500
nelsonmullins.com

October 17, 2018

**Via USPS and Email**
United States Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC  20528-0485
Attn: General Counsel
ogc@hq.dhs.gov

RE:   October 1, 2018 Subpoena for the Production of Documents
      Raquel Margarita Cocom v. Andrey Timofeev and Irina Timofeev
      Federal C/A No.: 2:18-cv-02247
      Our File No.: 033999.01914

To whom it may concern:

On October 1, 2018, our firm served the Department of Homeland Security with a subpoena for the production of documents in the above referenced case.  The response deadline was set for yesterday, **October 16, 2018**, but I have not heard from your office regarding the subpoena. Because trial is already scheduled in this expedited international child abduction matter for November 8, 2018, please respond as soon as possible so that our office can determine whether court intervention to enforce the subpoena is necessary.

I would like to avoid that possibility and am willing to discuss modifying or supplementing our request so as to expedite the Department's response.  To that end, I have received a Certification of Identity from the remaining subject of the subpoena, Irina Timofeev.  I am enclosing a copy of that form for your records in the hopes that Mrs. Timofeev's authorization to release the requested information to our firm can assist your office in its response.

I am available to discuss the subpoena or the Certification of Identity as your schedule permits.

Respectfully,

Matthew A. Abee

Enclosure

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | MARYLAND | MASSACHUSETTS | NEW YORK
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE | WEST VIRGINIA

## **Certification of Identity**

**Privacy Act Statement. In accordance with 6 CFR § 5.21, personal data sufficient to identify individuals submitting requests for records under the Privacy Act of 1974, 5 U.S.C. § 552a, is required. The purpose of this solicitation is to ensure that the Office of Inspector General for the Department of Homeland Security does not wrongfully disclose records of individuals who are the subject of Department's systems of records. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. § 1001 and/or 5 U.S.C. § 552a(i)(3).**

**Full Name of Requester[1]** _Irina Timofeevn_

**Citizenship Status[2]** _US_

**Social Security Number[3] (Optional)** _____

**Current Address** _[redacted]_

**Date of Birth** _[redacted]_     **Place of Birth** _USSR_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. § 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. § 552a(i)(3) by a fine of not more than $5,000. **All signatures under the certification of perjury statement MUST be an original signature, as the DHS/OIG will not accept faxed signatures. The signature must also be legible.**

**Requester's Signature[4]** _[signature]_     DATE _10-4-18_

## **OPTIONAL:  Authorization to Release Information to Another Person**
(This form is to be completed by a requester who is authorizing release of information relating to himself or herself to another person or entity.)

**Pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Homeland Security, Office of Inspector General, to release any and all information relating to me to:**

**Name of Recipient (Print or Type name):** _Nelson Mullins Riley & Scarborough LLP & Matthew A. Abee, Esquire_

**Address of Recipient:** _1320 Main Street, 17th Floor, Columbia, SC 29201_
Please Print or Type Address

**Requester's Signature** _____     **DATE** _____

---

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. § 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. § 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Office of Inspector General (OIG) may not be able to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

# EXHIBIT 4

 **NELSON MULLINS**

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

Matthew A. Abee
Admitted in SC and NC
T 803.255.9335
matt.abee@nelsonmullins.com

1320 Main Street | 17th Floor
Columbia, SC 29201
T 803.799.2000  F 803.256.7500
nelsonmullins.com

October 24, 2018

**Via USPS and Email**
United States Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC  20528-0485
Attn: General Counsel
ogc@hq.dhs.gov

RE:   October 1, 2018 Subpoena for the Production of Documents
      Raquel Margarita Cocom v. Andrey Timofeev and Irina Timofeev
      Federal C/A No.: 2:18-cv-02247
      Our File No.: 033999.01914

To whom it may concern:

On October 1, 2018, our firm served the Department of Homeland Security with a subpoena for the production of documents in the above-referenced case.  The response deadline was set for **October 16, 2018**, but, despite a follow-up call, letter, and email on October 17, 2018, and another voicemail today, I still have not heard from your office regarding the subpoena.  Because trial is already scheduled in this expedited international child abduction matter for November 8, 2018, our office intends to proceed with a motion to compel compliance with the subpoena.

I would like to avoid filing the motion, so I am willing to discuss modifying or supplementing our request so as to expedite the Department's response.  However, I cannot do so unless your office contacts me to discuss the matter.

Respectfully,

Matthew A. Abee

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | MARYLAND | MASSACHUSETTS | NEW YORK
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE | WEST VIRGINIA